**UNITED STATES of America, Plaintiff,**

v.

**Gerald Leo ROGERS, et al., Defendants.**

**No. 84–CR–337.**

United States District Court, D. Colorado.

Aug. 26, 1986.

See also 636 F.Supp. 237.

Gerald J. Rafferty, Edward P. Timmins, Asst. U.S. Attys., Denver, Colo., for plaintiff.

Jeffrey S. Gordon, Jan B. Norman, O'Donnell & Gordon, Los Angeles, Cal., John B. Moorhead, Baker & Hostetler, Denver, Colo., for Rogers.

E. Michael Canges, Nina A. Iwasko, Canges & Volpe, Denver, Colo., for Lepone.

Laurence B. Finegold, Finegold & Zulauf, Seattle, Wash., for Coomber.

Ray Takiff, Coconut Grove, Fla., for Lopez.

William J. Genego, Univ. of Southern California Law Center, Los Angeles, Cal., Alan Ellis, Ellis, Fogelnest & Newman, Philadelphia, Pa., for Nat. Ass'n of Cr. Def. Lawyers.

### ORDER

KANE, Judge.

The defendants moved to dismiss this action on the grounds that the government had tampered with witnesses, interfered with defense preparation and violated an order of court. An evidentiary hearing was held on August 25, 1986.

On May 6, 1986 I held a hearing concerning the government's contacting of witnesses. The government informed me that certain witnesses had expressed fear of the defendant Rogers and did not want to be contacted by him. I said,

I do not want the government contacting each and every witness ... to advise them of any court order ... but if witnesses complain ... you [the government] should notify me. (Transcript at 17–18.)

Ms. Lynda Lane then received a letter from a Special Assistant U.S. Attorney asking her whether she wanted to be added to the "list" of witnesses "Judge Kane has requested" to be submitted to him. The letter informed her that the list is composed of potential witnesses who request they not be contacted by defendant Rogers attorneys. The testimony disclosed that other witnesses were contacted as well.

The government contends these contacts were not intended as a violation of my order. Rather, the government was trying to comply with my order by ascertaining which witnesses had concerns about being contacted by the defendant Rogers. The government admits this was an error, but asserts it was a good-faith mistake and not a deliberate effort to frustrate the defendant's preparation or an intentional violation of the order.

Pending the evidentiary hearing, I ordered that no attorneys, defendants, government agents or anyone acting on the behalf of any of them have any contact with the witnesses to be called. Having had the hearing, I now vacate that order.

I find that there has been a violation of the court order. I further find that it was neither deliberate nor intentional. I find that dismissal is too harsh a sanction. Although the violation was a mistake committed in good faith, it should not go unnoticed. The important thing is to get the case back on track and provide defendants with a fair opportunity to conduct discovery and prepare for trial. I think this can be done best by my advising all potential witnesses of their rights and obligations with respect to this case. Accordingly,

IT IS ORDERED that within ten (10) days the defendants shall provide the government with a list of names and addresses of persons they wish to interview.

The government shall add to that list the names and addresses of all persons who have testified before the grand jury, all persons who have given statements to the government's agents and all persons who might be called as witnesses in this case. This list shall be kept under seal by the government and filed with the court after a verdict is entered in this case. Each person on the list shall be sent a copy of the letter bearing my signature which is attached to this order and dated August 26, 1986. The government shall be responsible for furnishing this letter to each person on the list by mail or personal service and shall maintain a record showing compliance with this order. The record and the list shall be opened for inspection after the verdict in this case is received.

## APPENDIX

### UNITED STATES DISTRICT COURT

DISTRICT OF COLORADO

C–218 UNITED STATES COURTHOUSE

DENVER, COLORADO 80294–3586

(303) 837–2527

JOHN L. KANE, JR.
JUDGE

Aug. 26, 1986.

Re: *United States of America v. Gerald Leo Rogers, Gary W. Coomber and Arnold P. Lepone,* Case No. 84–CR–337

Dear

I am the United States District Judge assigned to preside over the case described above. During the course of pre-trial proceedings the defense attorneys in this case have brought to my attention certain irregularities in the investigation and interviewing of potential witnesses.

As a potential witness you may have already been contacted by a lawyer or investigator for either the government or one of the defendants. If you have not yet been contacted, it is fairly certain that you will

be in the near future. If you have been contacted, it is also probable that you may be contacted again by the same attorneys and investigators or by those representing other parties in this legal action.

As an individual who may or may not testify in this case, you have certain rights which I shall insist shall be recognized at all times. You also have certain obligations of which you should be aware. Your wishes should always be respected to the extent possible as determined by the exigencies of this case. Irrespective of this case, your person and your dignity as an individual must always be respected. If you are called to testify under oath, you will have a solemn duty to tell the truth. The difficulty we face in this particular case comes not from your testifying at trial, but rather the complex nature of this case.

You are, of course, perfectly free to talk or not talk to anyone about this case. This court will not countenance anyone abusing your privacy in this regard. On the other hand, I ask that you give serious attention to the needs of counsel in this case to prepare for a lengthy and complicated trial. If you do cooperate with counsel, the interests of justice will be served. Moreover, the time required for you to testify and for others to testify as well will be significantly reduced if the evidence is organized and the questioning of each witness is prepared in advance according to the highest professional standards.

I suggest, therefore, that it is in your best interests and that of the court to cooperate with the lawyers in the case as they strive to determine the facts and decide whether your testimony will be required. Under no circumstances should you listen to anyone who tells you not to talk with a lawyer or investigator in this case. The decision is yours entirely. Generally speaking, it has been my experience over the past 25 years that witnesses who cooperate with counsel's investigation and testify truthfully with as much objectivity as possible are treated very well on the witness stand. Those, however, who are belligerent or ill-tempered or biased are seen as such by everyone in the courtroom.

I have instructed the lawyers and investigators in this case to respect your wishes in this matter. I believe they will comply and they will treat you courteously and with consideration. I have also instructed the lawyers for the several defendants that it is entirely proper for their clients to be present to assist them in the interviewing process. The same instructions apply to the government attorneys and any people working with them. If, however, you do not wish to speak to anyone other than an attorney and you want no one else present, your wishes are to be respected.

Finally, if your wishes are not respected you should feel free to call collect (303) 844-2527 or write to me at the address given above.

Sincerely yours,

/s/ John L. Kane, jr.

JOHN L. KANE, JR.